**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| TERRY ADIRIM, M.D.,      ) | |
|                      ) | |
|      Plaintiff,     ) | |
|                      ) | |
|      v.              ) | Case No. 25-768 |
|                      ) | |
| U.S. CENTRAL INTELLIGENCE    ) | |
| AGENCY, *et al.*          ) | |
|                      ) | |
|      Defendants.    ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT**
**OF HER MOTION FOR A TEMPORARY RESTRAINING ORDER**

**FACTUAL BACKGROUND**

1.     Plaintiff Terry Adirim is medical doctor who proudly served our Nation, including as acting assistant secretary of defense for health affairs at the outset of the pandemic in 2020-21. She most recently served as director of Defendant Central Intelligence Agency (CIA)'s Center for Global Health Services, performing to the recently stated satisfaction of senior Agency officials.

2.     Defendant Ivan Raiklin is a political extremist and January 6, 2021 participant notorious for publishing the names of 350 individuals—including Plaintiff—on a "Deep State Target List," men and women whom he considers guilty of treason and fit for execution, and subject in the meantime to "swatting." Since at least 2024 he has publicly accused Plaintiff of treason, genocide, war crimes, homicide and mutilation, based only on her recommendation to the Defense Secretary that servicemembers be vaccinated against coronavirus. Defendant Raiklin also taunts Plaintiff that he possesses and will release her private social media messages.

3.     Within days of Plaintiff quietly starting work at Defendant CIA on a five-year contract in December 2024, someone at the Agency illegally leaked to Defendant Raiklin the

private information that she now served at CIA. Defendant Raiklin then directed a tweet to Defendant John Ratcliffe, CIA's new director, asking, "Is the architect of the illegal DOD CCP-19 Jab Genocide Mandate Terry Adirim burrowing in at the CIA?"

4.      On April 2, 2025, Defendant Raiklin's known associate, fellow conspiracy theorist Laura Loomer visited President Trump to demand the termination of senior national security officials. They were fired on April 3. Also that day, Defendant Raiklin tweeted, "I respect Laura Loomer." On April 4, CIA terminated Plaintiff's employment. Plaintiff asked the reason for her termination, and Plaintiff's supervisor told her "I have no information." Upon information and belief, Defendant Raiklin asked Loomer to request that the president order Plaintiff's termination.

5.      On April 8, just four days after Plaintiff learned of her looming termination, Defendant Raiklin re-posted, "Scoop: Terry Adirim, a senior Central Intelligence Agency official and former senior defense official who played a pivotal and potentially illegal role in the Biden Administration's military vaccine mandate, was recently fired from the agency, a source has revealed exclusively to Breitbart News." The anonymously-sourced Breitbart article appeared earlier that same day. Someone at Defendant CIA again illegally leaked private information about Plaintiff, this time that she was to be terminated from the Agency.

6.      Defendant CIA subsequently stated that the Agency invoked a clause in Plaintiff's contract allowing termination to occur upon thirty days' notice by either party for any reason." Defendants CIA and Ratcliffe propose to terminate Plaintiff on May 3, 2025—just one month before she is scheduled to receive full retirement benefits as a long time federal employee.

7.      Plaintiff and her family suffered defamation, intentional infliction of emotional distress, conversion, and tortious interference with her employment contract at the hands of Defendant Raiklin and his employer, Defendant America's Future. Rather than stand up for their

2

embattled officer, Defendants CIA and its director cravenly fired Plaintiff on the basis of libel and slander from an unhinged man, violating her due process rights and breaching their contract with her, and then leaked private information about her, violating the Privacy Act, defaming her in the bargain.

8.    Plaintiff's counsel was retained on April 29, 2025, and Defendants CIA and Ratcliffe's counsel declined an April 30 request to extend the Agency's deadline to Plaintiff in order to discuss the merits of this dispute.

9.    Plaintiff therefore seeks a temporary injunction restraining Defendants CIA and Ratcliffe from terminating her on May 3, 2025, a month shy of her qualifying for full retirement benefits. Plaintiff does so because:

- Plaintiff is likely to succeed on the merits of her constitutional, statutory and tort claims.

- Plaintiff will suffer irreparable harm in the absence of an injunction by being publicly fired for her "potentially illegal role in the Biden Administration's military vaccine mandate," losing full retirement benefits in the process.

- The balance of hardships is in Plaintiff's favor as termination causes her economic hardship, through the loss of retirement benefits, and the difficulty of being defamed in connection with her termination, while causing Defendants CIA and Ratcliffe no hardships at all.

- Plaintiff's continued distinguished government service inures to the American public's best interests; the CIA director suspending his independent judgment to fire a senior official on the say-so of disturbed conspiracy theorists from outside the government, does not.

**LEGAL STANDARD**

10.    The standard in this jurisdiction for granting a temporary restraining order is a four-fold test: (1) Whether a plaintiff is likely to succeed on the merits of her statutory claim, (2) whether plaintiff is likely to suffer irreparable harm in the absence of an injunction, (3) whether the balance of hardships weighs in her favor, and (4) whether an injunction serves the public interest. *See HIAS, Inc. v. Trump*, 985 F.3d 309, 325-26 (4th Cir. 2021) (upholding a temporary restraining order).

Plaintiffs seeking preliminary injunctions must demonstrate that they are likely to succeed on the merits, but Plaintiffs need not show a certainty of success. *See Aziz v. Trump*, 234 F.Supp.3d 724, 733 (E.D.Va. 2017) (upholding a temporary restraining order).

## ARGUMENT

11.    In *Roe v. Department of Defense*, 947 F.3d 207 (4th Cir. 2020), the Court of Appeals upheld a preliminary injunction against the discharge of Air Force servicemembers on the basis of their being Human Immunodeficiency Virus ("HIV")-positive, pursuant to their Fifth Amendment due process rights.

12.    The *Roe* court agreed with the District Court that discharging the airmen for being HIV-positive would amount to an irreparable injury, as the "circumstances surrounding an employee's discharge, together with the resultant effect on the employee, may so far depart from the normal situation that irreparable injury might be found," the airmen faced "a particularly heinous brand of discharge … that bears no relationship to their 'ability to perform their jobs," and the airmen could not address these harms through post-discharge military procedures. *Id*. at 229.

13.    Plaintiff in the instant case is similarly situated to the plaintiff-respondents whose temporary restraining order was obtained and upheld in *Roe*. Defendant CIA engaged in no reasoned decision-making whatsoever between April 2 and 4. Like uniformed servicemembers, an intelligence officer such as Plaintiff may not appeal to the Merit Systems Protection Board, so judicial review is her only avenue of appeal. Defendant Ratcliffe mindlessly did what he was ordered by the White House via Defendant Raiklin and Loomer. Defendants articulated no satisfactory explanation, or rational basis at all for Plaintiff's termination: she is being fired after Defendant CIA's chief operating officer stated her satisfaction with her service just weeks ago, only because unwell people baselessly accused her of mass murder.

4

14.     Similar to the *Roe* airmen, the circumstances surrounding Plaintiff's impending public firing, together with the resultant effect on her, so far depart from a normal termination that they amount to irreparable injury, as she is labeled by a CIA leak as engaging in illegal activity related to the COVID-19 virus, an injury Plaintiff cannot address through post-termination appeals.

**I.     Plaintiff is likely to succeed on the merits.**

15.     Plaintiff maintains three causes of action against Defendants CIA and Ratcliffe: a violation of the Due Process Clause of the Fifth Amendment to the Constitution, a federal statutory violation of the Privacy Act and a Virginia tort of breach of contract.

**A.     <u>Due Process Clause</u>**

16.     Plaintiff recognizes that she maintains no cognizable property interest in her contract position with Defendant CIA, *qua* the contract position itself, but she maintains a cognizable interest in the Agency following its own rules regarding termination. Defendant CIA's internal regulations and the Agency's contract with Plaintiff state that it may terminate the contract upon thirty days' notice by either party "for any reason." Given the implied covenant of good faith and fair dealing, Defendants CIA and Ratcliffe may not lawfully attempt to contract around illegality, such as violations of the Privacy Act, and acts of defamation, intentional infliction of emotional distress, conversion, and tortious interference with an employment contract.

17.     Furthermore, absent any notice, hearing and adjudication, Defendants CIA and Ratcliffe unlawfully terminated Plaintiff's five-year contract, based on defamatory statements by a third party outside the Government, *and* leaked to Breitbart News that she is being fired on the basis of this false allegation of illegal activity. Together, Defendants CIA and Ratcliffe's summary termination of Plaintiff, combined with their leaked defamatory public accusation of criminal

activity by her, constitute a violation of the Due Process Clause. Only immediate judicial intervention can keep Plaintiff from being terminated under these arbitrary conditions.

**B.    <u>Privacy Act</u>**

18.    The facts of Plaintiff's entry on duty with Defendant CIA, her termination from the Agency and the false and defamatory reasons for her firing are non-public government records related to Plaintiff. The facts contained in these records were illegally shared by someone at the Agency with Defendant Raiklin and Breitbart News (and/or its anonymous sources), without Plaintiff's written consent and in violation of the Privacy Act. Defendant CIA and Ratcliffe's unlawful leaking of this sensitive information is a *prima facie* violation of the Privacy Act, damaging to Plaintiff.

**C.    <u>Breach of Contract</u>**

19.    The contract between Plaintiff and Defendant CIA states that the Agency may terminate this agreement upon thirty days' notice "for any reason." But that reason must be a *lawful* reason. The reasons may not be defamatory statements nor tortious interference with the contract by third parties such as Defendant Raiklin, or Loomer. Any contract, including those entered into by Defendant CIA, includes an implied covenant of good faith and fair dealing by the parties. Defamatory statements and tortious interference violate that covenant.

**II.    Plaintiff will suffer immediate, irreparable injury if terminated on May 3, 2025.**

20.    Defendant CIA's unlawful leak that Plaintiff is being terminated, and Defendant Raiklin's and defamatory public accusation that criminal misconduct by Plaintiff is the reason for her looming termination by the Agency—a false accusation retweeted by the son of the President of the United States to his massive online following—clearly damage Plaintiff's ability to obtain private sector work going forward, similar to the situation of the airmen in *Roe*. This bell cannot

be unrung by the Government through post-termination relief if Plaintiff is fired in this grossly unfair manner. Only judicial intervention can prevent this gross injustice. Furthermore, Plaintiff is just one month from qualifying for full federal retirement benefits: her situation cries out for injunctive relief.

### III.    The balance of equities and the public interest favors Plaintiff.

21.    Plaintiff's lengthy and honorable public service record speaks for itself. In contrast, Defendants CIA and Ratcliffe are acting as partisan catspaws for irrational conspiracy theorists outside of the Government, by terminating Plaintiff on the basis of false and defamatory accusations against her. Defendant Ratcliffe is not exercising his independent good judgment on behalf of Defendant CIA here, but rather doing what he is told by third parties outside of the Government—Defendant Raiklin and his fellow extremist theorist Loomer.  As a co-equal branch of government, the Court need not accept on its face an assertion by the executive branch that Defendants CIA and Ratcliffe's termination of Plaintiff represents the best interests of our Country.

### CONCLUSION

22.    Plaintiff deserves a temporary injunction restraining Defendants CIA and Ratcliffe from terminating her. Plaintiff is likely to succeed on the merits of her claims. Plaintiff will suffer irreparable harm in the absence of an injunction by being publicly fired on the basis of defamatory statements by Defendant Raiklin falsely accusing her of odious crimes (libel and slander then re-tweeted by the president's son), stripping her of hard-earned retirement benefits just one month before they vest. The balance of hardships is in Plaintiff's favor as termination causes her economic hardship, but Defendants CIA and Ratcliffe none at all. Plaintiff's continued distinguished government service advances the public interest, while Defendant Ratcliffe has abandoned his

responsibility to make good independent judgments on behalf of Defendant CIA and for the

Nation, and is acting at the behest of third parties outside of the Government.

Dated: May 2, 2025                    Respectfully submitted,

_/s/ Kevin T. Carroll_ _____
Kevin T. Carroll, VSB No. 95292
**Fluet**
1751 Pinnacle Drive
Suite 1000
Tysons, Virginia 22102
T: (703) 590-1234
F: (703) 590-0366
kcarroll@fluet.law
e-file@fluet.law

_Attorney for Plaintiff_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 2, 2025, a copy of the foregoing was mailed first class mail,

postage prepaid, to:

Central Intelligence Agency
Office of General Counsel
Washington, DC 20505

John Ratcliffe, Esq.
Director of Central Intelligence Agency
Litigation Division
Office of General Counsel
Central Intelligence Agency
Washington, DC 20505

Ivan Raiklin, Esq.
Board Member
America's Future, Inc.
1181 South Sumter Boulevard #412
North Port, Florida 34287

America's Future, Inc.
1181 South Sumter Boulevard #412
North Port, Florida 34287

America's Future, Inc.
SERVE: Registered Agents Inc
7901 4th St N Ste 300
St. Petersburg, Fl 33702

Ivan Raiklin, Esq.
5209 Ampthill Dr.
Alexandria, VA

*/s/ Kevin T. Carroll*
Kevin T. Carroll, Esq.