**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| TERRY ADIRIM,<br><br>                    Plaintiff,<br><br>        v.<br><br>U.S. CENTRAL INTELLIGENCE<br>AGENCY, *et al.*,<br><br>                    Defendants. | No. 1:25-cv-768 (MSN/WBP) |

## <u>FEDERAL DEFENDANTS' NOTICE REGARDING<br>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

The Central Intelligence Agency ("CIA") and its Director, John Ratcliffe (together, "Federal Defendants"), hereby provide the Court with the following Notice regarding Plaintiff's First Amended Complaint. *See* Dkt. 45. For the reasons stated below, even if the First Amended Complaint were properly before the Court as to the Federal Defendants—which it is not—this Court should consider the Federal Defendants' pending motion to dismiss as being addressed to the First Amended Complaint.

Plaintiff, a former employee of the CIA, filed a Complaint in this Court challenging her termination from her position at the CIA and bringing claims for breach of contract, a due process violation, and violations of the Privacy Act against the Federal Defendants, and other claims against Defendants Ivan Raiklin and America's Future, Inc. Dkt. 1. On August 1, 2025, following briefing and a hearing that day, this Court dismissed Plaintiff's claims against America's Future, Inc. with prejudice, and against Ivan Raiklin, without prejudice, granting leave to amend. *See* Dkt. 40, Order ("**ORDERED** that Plaintiff may file an amended complaint

1

against Ivan Raiklin within twenty-one (21) days of the date of this Order.").  Separately, the

Federal Defendants moved to dismiss Plaintiff's claims against them on July 24, 2025.  *See* Dkt.

35-38.  Plaintiff opposed that motion, *see* Dkt. 41, and Federal Defendants filed their reply, *see*

Dkt. 44; thus, briefing concluded on Federal Defendants' Motion to Dismiss the Complaint on

August 21, 2025.

  On August 22, 2025, Plaintiff filed a First Amended Complaint.  *See* Dkt. 45.  Although

this Court ordered that Plaintiff "may file an amended complaint against Ivan Raiklin," *see* Dkt.

40, Plaintiff presents additional allegations in her First Amended Complaint which could be

construed as also implicating the current claims pending as to the Federal Defendants.  This was

procedurally improper, but in any event, does not disturb the existing briefing on the issues as to

the Federal Defendants, as explained below.

  As a threshold matter, under Federal Rule of Civil Procedure 15, Plaintiff had only 21

days after the Federal Defendants moved to dismiss the Complaint in which to amend, absent

leave of Court or the Federal Defendants' permission, which she neither sought nor obtained.

*See* Fed. R. Civ. P. 15(a)(1)-(2) ("if the pleading is one to which a responsive pleading is

required, 21 days after service of a responsive pleading or 21 days after service of a motion

under Rule 12(b), (e), or (f), whichever is earlier").  The deadline for doing so would have been

August 14—21 days after July 24, 2025—but Plaintiff did not file the First Amended Complaint

until more than one week later, on August 22.  *See* Dkt. 45.  Thus, the First Amended Complaint

is not properly before the Court as to the Federal Defendants.

  However, even if the First Amended Complaint were properly before the Court as to the

Federal Defendants—which it is not—this Court should consider the Federal Defendants'

pending motion to dismiss as being addressed to the First Amended Complaint.  The "general

rule" is that "an amended pleading supersedes the original pleading, rendering the original pleading of no effect." *Young v. City of Mt. Rainier*, 238 F.3d 567, 573 (4th Cir. 2001). However, that rule is subject to an exception applicable here: "'If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.'" *Chien v. O'Grady*, 2018 WL 9597047, at *2 (E.D. Va. July 6, 2018) (quoting 6 WRIGHT & MILLER, FED. PRACTICE & PROCEDURE, § 1476 (3d ed.)); *id.* (holding that the Court would not dismiss the pending motion as moot and, "in the interests of judicial economy," would "consider the Motion in light of the Amended Complaint"). "'To hold otherwise would be to exalt form over substance.'" *Buechler v. Your Wine & Spirit Shoppe, Inc.*, 846 F. Supp. 2d 406, 415 (D. Md.) (quoting Wright & Miller), *aff'd*, 479 F. App'x 497 (4th Cir. 2012)).

Here, the defects addressed by the Federal Defendants' Motion to Dismiss opening and reply briefs remain in Plaintiff's First Amended Complaint. *See* Dkt. 37, 44. For example, in the Federal Defendants' Motion to Dismiss, Federal Defendants point to the lack of any plausible claim under either of Plaintiff's two purported due process theories. *See* Dkt. 37 at 10-17, 44 at 2-5. Plaintiff's First Amended Complaint fails to remedy this fatal defect as to either theory. *See* Dkt. 45 at 8-9, 12-21. Similarly, in their Motion to Dismiss briefs, the Federal Defendants argued the Complaint should be dismissed because Plaintiff has not alleged a plausible Privacy Act claim, where she alleges neither any pecuniary harm flowing from the alleged disclosures nor that the disclosures were intentional or willful. *See* Dkt. 37 at 17-19, 44 at 6-9. Plaintiff's First Amended Complaint fails to remedy either deficiency. *See* Dkt. 45 at 8-9, 12-21.

Accordingly, to the extent the First Amended Complaint is before the Court as to the Federal Defendants, the Court should consider the Federal Defendants' Motion to Dismiss, *see* Dkt. 37 and 44, as addressed to the First Amended Complaint.

Dated: September 5, 2025

Respectfully submitted,

ERIK S. SIEBERT
UNITED STATES ATTORNEY

*By*:    _____/s/_____

ELIZABETH A. SPAVINS
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3785
Fax: (703) 299-3983
Email: Lizzie.Spavins@usdoj.gov

*Counsel for Federal Defendants CIA and CIA Director John Ratcliffe*