**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

TERRY ADIRIM,                                    )
                                                 )
        Plaintiff,                               )
                                                 )
v.                                               )        Case No. 1:25-cv-00768 (WBP)
                                                 )
U.S. CENTRAL INTELLIGENCE                        )
AGENCY et al.,                                   )
                                                 )
        Defendants.                              )

**RULE 16(B) SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b), Local Civil Rule 16(B), and the

Court's March 19, 2026, Scheduling Order (ECF No. 71), and after considering the

representations made by the parties in their Joint Discovery Plan (ECF No. 72), the Court makes

the rulings below.

1.      The Joint Discovery Plan is approved, *as amended by this Order*, and will control

discovery to the extent of its application in this order unless further modified by the Court.

2.      At the parties' request, the pretrial conference scheduled for Wednesday, April

21, 2026, at 11:00 a.m. is cancelled.

3.      If the parties believe that a settlement conference with the Court would help

resolve this dispute, they may arrange for a settlement conference by contacting the chambers of

the magistrate judge assigned to this case.

4.      All discovery, including expert depositions, must be concluded by August 14,

2026.

5.      All Fed. R. Civ. P. 26(a)(1) disclosures must be completed by May 6, 2026.

6.     The Court does not incorporate the parties' request in paragraph IIC of the Joint Discovery Plan. Each party may not exceed five (5) non-party, non-expert witness depositions. Should a party have good cause for additional depositions, they must seek leave of Court.

7.     Expert disclosures will be governed by the schedule set forth in paragraph IIA of the Joint Discovery Plan. These deadlines may not be modified, even by agreement, absent leave of Court.

8.     No "general objections" or "boiler plate" objections may be asserted in response to any discovery request except to preserve the attorney-client privilege and the work product protection.

9.     The Parties have an obligation to preserve all discoverable information, including electronically stored information ("ESI").

10.    If any party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial preparation material, any such claim must be made in accordance with Fed. R. Civ. P. 26(b)(5) and that party must serve a privilege log on all other parties within 14 days of when the information would have been produced or at least five days before a deposition when such information may be used, whichever is earlier.

11.    If it becomes necessary, the parties may submit an agreed protective order concerning the disclosure of information between the parties in discovery. Counsel are encouraged to submit such a protective order as early in the discovery period as possible so as not to unnecessarily delay the production of discoverable material. Any provision in the proposed protective order concerning filing documents under seal must comply with Local Civil Rule 5 and paragraph 13(g) of this order.

12.     Failure to timely request entry of a protective order does not excuse a party from its obligation to produce discoverable material it contends is confidential ("proposed confidential discoverable material"). Instead, before entry of a protective order, a producing party must timely produce all proposed confidential discoverable material, and the receiving party must limit its disclosure of such proposed confidential discoverable material to lawyers and employees of the receiving party's outside counsel of record in this case, all of whom must keep such proposed confidential discovery material confidential and use it only for purposes of this litigation.

13.     The following applies to the filing and noticing of all motions:

(a)     All motions must contain a statement that a good-faith[1] effort to narrow the area of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions. All motions must adhere to the page limits and font requirements set in Local Civil Rule 7(F)(3). An appropriate number of paper copies of any motion and all pleadings relating to that motion must be **delivered directly to the attention of the judge hearing the motion at the Clerk's Office** within one day of the electronic filing. *See* "Alexandria Chambers Copies/Division-Specific Information" on the Alexandria page of the Court's website located at www.vaed.uscourts.gov.

---

[1] "Good faith" "contemplates, among other things, honesty in one's purpose to meaningfully discuss the discovery dispute, freedom from intention to defraud or abuse the discovery process, and faithfulness to one's obligation to secure information without court action . . . Accordingly, good faith cannot be shown merely through the perfunctory parroting of statutory language on the certificate to secure court intervention; rather it mandates a genuine attempt to resolve the discovery dispute through non-judicial means." *Patrick v. Teays Valley Trs., LLC*, 297 F.R.D. 248, 266-67 (N.D.W. Va. 2013), *aff'd sub nom. Patrick v. PHH Mortg. Corp.*, 298 F.R.D. 333 (N.D.W. Va. 2014).

(b)    Except for consent motions, all motions must be accompanied either by a waiver of hearing or a notice of hearing for the earliest possible hearing date consistent with the briefing schedules discussed below. A consent motion should be filed in accordance with the procedures provided on the Alexandria page of the Court's website referenced above. All discovery-related motions must be filed before the final pretrial conference.

(c)    Any motion to amend the pleadings or to join a party must be made as soon as possible after counsel or the party learns of the grounds for the motion.

(d)    Dispositive motions must be filed and briefed in accordance with the schedule set forth in Local Civil Rule 7(F)(1) and (K) and Local Civil Rule 56. Local Civil Rule 7(F)(1) provides that a response brief is due 14 days after service of the motion and a reply brief may be filed 6 days after the service of the response. The periods for filing a response brief and a reply will apply no matter the mode of service used for those briefs. Local Civil Rule 56 provides that "[n]o motion for summary judgment shall be considered unless it is filed and set for hearing or submitted on briefs within a reasonable time before the date of trial, thus permitting a reasonable time for the Court to hear arguments and consider the merits after completion of the briefing schedule specified in Local Civil rule 7(F)(1)."

(e)    To provide for the prompt resolution of non-dispositive matters to be heard by the assigned magistrate judge, a non-dispositive motion may be filed by no later than 5:00 p.m. on a Friday and noticed for a hearing at 10:00 a.m. on the following Friday. Under this expedited schedule, a response brief must be filed no later than 5:00 p.m. on the following Wednesday and any reply brief should be filed as early as possible on Thursday to give the Court time to review all pleadings before the hearing. This expedited schedule will apply for non-dispositive motions noticed for a hearing with less than two weeks' notice. If a non-dispositive

4

motion is noticed for a hearing between two and three weeks from the filing date, any response brief must be filed 7 days after service and any reply brief may be filed 3 days after service of the response. At the moving party's discretion, a non-dispositive motion may also be filed and noticed for a hearing with three weeks' notice and the briefing schedule provided in Local Civil Rule 7(F)(1) providing for 14 days for a response brief and 6 days for a reply would apply. If a non-dispositive motion is filed and oral argument is waived, any response brief must be filed within 7 days after service and any reply brief within 3 days after service of the response.

(f)    All summary judgment issues must be presented in the same pleading unless leave of Court is first obtained. As required by Local Civil Rule 56, each brief in support of a motion for summary judgment must include a separately captioned section within the brief listing, in numbered-paragraph form, each material fact that the movant contends is undisputed with appropriate citations to the record. A brief in opposition to a motion for summary judgment must include a separately captioned section within the brief addressing, in numbered-paragraph form corresponding to the movant's section, each of the movant's enumerated facts and indicating whether the non-movant admits or disputes the fact with appropriate citations to the record. The Court may assume that any fact identified by the movant as undisputed in the movant's brief that is not specifically controverted in the non-movant's brief in the manner set forth above is admitted for deciding the motion for summary judgment.

(g)    Any motion to file a document under seal must comply with Local Civil Rule 5. Under Local Civil Rule 5, a notice specifically identifying the motion as a sealing motion must be filed on the public record. There is no need to file a notice of hearing or a waiver of hearing for a motion to seal. A memorandum must be filed stating sufficient facts to support the action sought, and a proposed order must be submitted that includes specific findings. If a party

5

moves to file material under seal because the opposing party has designated that material as confidential, the opposing party must file a response to the motion and a proposed order that meets the requirements of Local Civil Rule 5. Only the particular material found to meet the required standard may be sealed, with the remainder filed in the public record. An unsealed, redacted version of the filing in issue must be filed with the motion to seal. Filings under seal are disfavored and discouraged. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575–76 (4th Cir. 2004).

14.     Disclosures under Fed. R. Civ. P. 26(a)(1) and (2), notices of depositions, interrogatories, requests for documents, and admissions, and corresponding answers, shall not be filed except on order of the Court or for use in a motion or at trial.

15.     If this case is tried before a jury, each party must file their proposed jury instructions and *voir dire* seven days before trial in accordance with Local Civil Rule 51. Violating this Rule waives any objections to any instructions given. If the case is tried without a jury, counsel must file written proposed findings of fact and conclusions of law before the beginning of trial.

Entered this 21st day of April 2026.

William B. Porter
United States Magistrate Judge

Alexandria, Virginia

6